## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMUNITY COLLEGE OF PHILADELPHIA, <br><br> Plaintiff, <br><br> v. <br><br> BANNERWORKS, INC. (d/b/a KORYN ROLSTAD STUDIOS), <br><br> Defendant. | CIVIL ACTION NO. |

## **COMPLAINT**

Plaintiff, Community College of Philadelphia ("CCP"), by and through its counsel, Fox Rothschild LLP, hereby files this Complaint against Defendant, Bannerworks, Inc. d/b/a Koryn Rolstad Studios ("KRS"), and in support thereof, aver as follows:

### **Introduction**

1.      This case arises out of KRS's failure to deliver and install a unique piece of Artwork on CCP's campus in Philadelphia, Pennsylvania – as the Agreement between the parties obligates KRS to do – and despite KRS already being paid 96% of the total value of the Agreement for the Artwork.[1]

2.      Because the Artwork is a unique, original work of art especially designed for CCP, there is no adequate remedy at law for KRS's breach.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as granted to those capitalized terms in the Contract Documents.

3.      Accordingly, CCP seeks equitable relief in the way of specific performance of the underlying contract, while reserving its rights, in the alternative, to seek certain legal remedies for KRS's breach.

## Parties

4.      CCP is a Pennsylvania nonprofit entity and public institution of higher education with an address of 1700 Spring Garden Street, Philadelphia, Pennsylvania.

5.      CCP is a community college that offers more than 100 associates degree, academic and proficiency certificates.

6.      CCP is the largest public institution of higher education in the City of Philadelphia and the sixth largest in Pennsylvania, currently serving approximately 25,000 students per academic year.

7.      Since its founding, CCP has served more than 685,000 individuals.

8.      KRS is an environmental, sculptural, installation, and industrial design firm.

9.      KRS exists as a corporation under the laws of the State of Washington, with a mailing address of P.O. Box 9446, Seattle, Washington 98109.

10.     KRS's principal, non-party Koryn Rolstad, purportedly has over 40 years of experience with public art installations.

## Jurisdiction

11.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship because the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a)(1)(2), because all the parties are subject to personal jurisdiction in the Eastern District

of Pennsylvania and, therefore, are deemed residents of this district for purposes of determining venue pursuant to 28 U.S.C. § 1391(c).

13.     Moreover, a substantial part of the events or omissions giving rise to CCP's claims against KRS occurred in the Eastern District of Pennsylvania.

### Background

#### A.     The Original Agreement

14.     On or about November 17, 2015, CCP entered into a written agreement with KRS whereby KRS agreed to design, fabricate, and install a unique, original work of art on the campus of CCP (the "Agreement").  The Agreement is attached hereto as Exhibit A.

15.     The term "Artwork" was defined in the Agreement as "the work of art designed and created by KRS and accepted by CCP and includes the design, fabrication, and installation of the artwork, and any necessary Work Base, as further defined in Exhibit 'A' attached hereto and incorporated herein. . ."  *See* Ex. A., at Art. 1(a).

16.     Per the Agreement, KRS was to complete all of its obligations under the Agreement on or before June 30, 2017 (the "Original Deadline").  Ex. A., at p. 20.

17.     In exchange for its completion of the Artwork, as set forth in the Agreement, KRS was to be paid a total of $275,000 (the "Original Compensation").  *Id.*

#### B.     The First Amendment

18.     On May 24, 2018, KRS and CCP entered into the First Amendment to the Agreement (the "First Amendment").  The First Amendment is attached hereto as Exhibit B.

19.     The First Amendment:

     a.  incorporated engineered drawings and schematics for the Final Design of the Artwork;

b.  redefined the definition of "Work Base" to provide for specific dimensions and to clarify that the Work Base was part of the definition of Artwork;

c.  replaced the Agreement's provision on supervision with language reflecting that KRS was responsible for supervision of the Artwork, except with respect to the Work Base, which was CCP's responsibility;

d.  updated the milestone and payment schedule to replace the Original Deadline of June 30, 2017, and reflect a new installation completion date of on or before August 31, 2018 (the "Amended Deadline"); and

e.  increased the Original Compensation from $275,000 to $295,000 to account for a change order for supplemental civil engineering work in support of the Work Base in the amount of $20,000 (the "Final Compensation").

### C.  The Second Amendment

20.  On January 4, 2019, KRS and CCP entered into the Second Amendment to the Agreement (the "Second Amendment" and collectively with the Agreement and the First Amendment, the "Contract Documents").  The Second Amendment is attached hereto as Exhibit C.

21.  The Second Amendment, amongst other things, deleted the Milestone and Payment Schedule in the First Amendment and replaced it with an updated version in the Second Amendment.  *See* Ex. C, at p. 4.

22.  Additionally, Section 6 of the First Amendment was "deleted in its entirety and replaced with the following, 'KRS shall use its best efforts to complete installation of the Artwork within thirty days of the full and final completion of the 'Work Base' as that term is defined in the First Amendment Section 2.'"  *Id*., at p. 1.

4

23.    Additionally, $11,000 of the $22,000 remaining balance due on the Second Amendment was paid to KRS upon execution of the Second Amendment. *Id.*, at p. 4.

24.    Thus, at the time the Second Amendment was executed, $284,000 had been paid to the KRS in connection with the Contract Documents, leaving only $11,000 due and owing to KRS. This outstanding amount was to be paid to KRS upon the "satisfaction of the requirements of Sections 2.4 and 2.5 of the Agreement," which dealt with KRS's provision to CCP of certain Pre-Installation Documentation and KRS's Final Completion of the Artwork.

**D.    KRS Breaches the Contract Documents**

25.    The Second Amendment required KRS to use its "best efforts to complete installation of the Artwork within thirty days of the full and final completion of the Work Base."

26.    The Work Base was completed in the fall of 2019.

27.    KRS visited CCP's campus in September of 2019 to see the completed Work Base in person.

28.    KRS did not install the Artwork within 30 days of the completion of the Work Base as required by the Contract Documents.

29.    Notwithstanding multiple demands from CCP, KRS has failed to install the Artwork or even provide CCP with a firm date that KRS intends to complete installation of the Artwork.

**E.    CCP Provides Formal Notice Of The Breach And KRS Fails To Cure**

30.    Consistent with Article 12 of the Agreement, CCP sent KRS correspondence on June 9, 2021, notifying KRS of its breach of the Contract Documents and informing KRS that it had 30 calendar days to cure the breach. *See* Certified Letter from Wali W. Rushdan II, Esquire, to Koryn Rolstad dated June 9, 2021, which is attached hereto as Exhibit D, and the electronic

mail from Wali W. Rushdan II, Esquire, to Koryn Rolstad dated June 10, 2021, which is attached

hereto as Exhibit E; *see also* Ex. A, p. 13.

31.     Consistent with Article 20 of the Agreement, CCP also sent KRS a mediation

request on June 9, 2021.

32.     The mediation request invited KRS to mediate the dispute over the installation of

the Artwork with CCP.  *See* Certified Letter from Wali W. Rushdan II, Esquire, to Koryn Rolstad

dated June 9, 2021, which is attached hereto as Exhibit F, and the electronic mail from Wali W.

Rushdan II, Esquire, to Koryn Rolstad dated June 10, 2021, which is attached hereto as Exhibit G;

*see also* Ex. A, pp. 12, 15.

33.     As of the date of this filing, KRS has not (a) cured the breach, (b) agreed to mediate,

(c) completed installation of the Artwork, and/or (d) negotiated with CCP on a further extension

of time to do so.

34.     Accordingly, KRS's breach remains uncured, leaving CCP to resort to litigation to

resolve KRS's breach.

## COUNT I
### Breach of Contract
### (Specific Performance)

35.     CCP incorporates by reference the preceding paragraphs of this Complaint as

though set forth at length herein.

36.     The Contract Documents are a valid and binding contract between CCP and KRS.

37.     The Contract Documents require KRS to "design, fabricate, transport, and install"

a unique, original piece of Artwork.

38.    To date, CCP has performed all of its obligations under the Agreement and is ready, willing, and able to perform its sole outstanding obligation under the Agreement – the final payment of $11,000 to KRS – upon KRS's satisfaction of Sections 2.4 and 2.5 of the Agreement.

39.    KRS has breached the Contract Documents by failing to perform its obligations under the Contract Documents, including, but not limited to, failing to accomplish the installation of the Artwork within 30 days of the completion of the Work Base as required by the Second Amendment.

40.    The Artwork is a unique and original work of art.

41.    The Artwork is designed and fabricated by KRS's uniquely experienced principal.

42.    The Artwork, by its nature, is incapable of duplication.

43.    CCP does not have an adequate remedy at law for KRS's breach.

44.    CCP is entitled to specific performance of the installation of the Artwork in accordance with the Contract Documents.

**WHEREFORE**, Plaintiff, Community College of Philadelphia, demands judgment against Defendant, Bannerworks, Inc. (d/b/a) Koryn Rolstad Studios, for specific performance of the Contract Documents and other compensatory, consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems proper.

**COUNT II**
**(*In the Alternative*)**
**Breach Of Contract**
**(Replevin)**

45.    CCP incorporates by reference the preceding paragraphs of this Complaint as though set forth at length herein.

46.    CCP has performed all of its payment and other obligations pursuant to the Contract Documents and is the equitable owner of the Artwork.

7

47.     KRS and/or its agents are in possession of the Artwork and are wrongfully detaining the Artwork from CCP.

48.     Despite repeated demands to tender the Artwork via its installation on the Work Base, KRS has failed to tender the Artwork to CCP.

49.     KRS unjustly retains the Artwork.

50.     Upon information and belief, the Artwork is being held by KRS and/or its agents in Seattle, Washington.

51.     KRS's continued possession of the Artwork will cause irreparable harm to CCP.

52.     CCP is entitled to replevy the Artwork from KRS and an award of the incidental damages associated with effectuating the replevy from KRS back to the Work Site for the installation of the Artwork on the Work Base.

**WHEREFORE**, Plaintiff, Community College of Philadelphia, demands judgment against Defendant, Bannerworks, Inc. (d/b/a) Koryn Rolstad Studios, for replevin of the Artwork and incidental damages thereto, other compensatory and consequential damages, interest, attorneys' fees, costs, and any further relief this Court deems proper.

<u>**COUNT III**</u>
(*In the Alternative*)
**Unjust Enrichment**

53.     CCP incorporates by reference the preceding paragraphs of this Complaint as though set forth at length herein.

54.     As set forth above, CCP has been damaged by KRS's failure to deliver and install the Artwork consistent with the terms of the Contract Documents, even though CCP has fully and faithfully performed its payment obligations to KRS.

8

55.      It is unconscionable for KRS to retain the benefit of the amounts already paid, which total $284,000, without KRS complying with its delivery and installation obligations set forth in the Contract Documents.

56.      KRS will be unjustly enriched if KRS is permitted to retain the $284,000 without completing the delivery and installation of the Artwork as set forth in the Agreement.

**WHEREFORE**, Plaintiff, Community College of Philadelphia, demands judgment against Defendant, Bannerworks, Inc. (d/b/a) Koryn Rolstad Studios, for damages for unjust enrichment in the amount of $284,000, as well as any further relief this Court deems proper.

**FOX ROTHSCHILD LLP**

Dated: August 5, 2021                    By: ___/s/ *Ronald L. Williams*___
                                                   Ronald L. Williams, Esquire
                                                   Attorney I.D. No. 47912
                                                   Wali W. Rushdan II, Esquire
                                                   Attorney I.D. No. 315441
                                                   Eagleview Corporate Center
                                                   747 Constitution Drive, Suite 100
                                                   P.O. Box 673
                                                   Exton, PA  19341
                                                   Phone:  (610) 458-7500