IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMUNITY COLLEGE OF PHILADELPHIA | : : : | CIVIL ACTION<br>No. 21-3492 |
| v. | : : | |
| BANNERWORKS, INC. (D/B/A KORYN ROLSTAD STUDIOS) | : : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                              **January 29, 2024**

       In 2015, the Community College of Philadelphia ("the College") contracted with Bannerworks, Inc., d/b/a Koryn Rolstad Studios ("KR Studios"), to design, fabricate, and install a work of public art on the College's campus. The artwork was never installed, so the College brought this case against KR Studios for breach of contract and unjust enrichment. KR Studios counterclaimed for breach of contract. Before trial, the parties entered into a consent decree in which KR Studios agreed to fabricate and install the artwork by a revised date. When KR Studios again failed to do so, the Court granted the College's motion to reopen this case.

       On July 31, 2023, the Court held a bench trial. Because it is undisputed that KR Studios did not install the artwork, the Court finds KR Studios breached its contract with the College. But the College did not prove its resultant damages by the appropriate measure—the cost to complete the artwork installation, minus the unpaid part of the contract. The Court rejects the College's claim for reliance damages, and will only award restitution damages in the amount of $201,500, plus prejudgment interest. As to the College's claim for unjust enrichment, the Court finds for KR Studios because the parties had a written contract. Finally, KR Studios' counterclaim was dismissed with prejudice by the Consent Decree, and KR Studios has not established a basis to

1

reassert it. The Court thus finds for the College on the counterclaim. The Court will enter judgment accordingly.

**FINDINGS OF FACT**[1]

The Community College of Philadelphia is a Pennsylvania nonprofit entity and public institution of higher education. Bannerworks, Inc., d/b/a Koryn Rolstad Studios, is a Washington corporation registered to do business in Pennsylvania, and the studio of artist Koryn Rolstad. On November 17, 2015, the College and KR Studios signed a contract (the "Agreement") commissioning a unique, original work of public art by Rolstad for the College's campus. Pl.'s Ex. 1. In exchange for the design, fabrication, and installation of the artwork, the College agreed to pay KR Studios $275,000 in periodic installments. *Id*. The College also agreed to construct the base for the artwork. *Id*. at 4. The Agreement included a "Milestone and Payment Schedule," which outlined tasks for each phase of the project with corresponding payments. *Id*. at 20. According to the schedule, the parties would "mutually agree" on the timeline for project milestones, provided those milestones were consistent with an artwork completion date of June 30, 2017. *Id*.

This original completion date, however, was later extended by mutual agreement because Rolstad had to redevelop the design drawings to accommodate complications resulting from the artwork location selected by the College. Pl.'s Ex. 2 at 6. On May 24, 2018, the College and KR Studios signed the first amendment to the Agreement. *See generally id*. This amendment included the final design and structural drawings for the artwork, which were certified by a licensed professional engineer (the "design drawings"); changed the artwork completion date to August 31,

---

[1] These findings of fact are based on the evidence presented during trial on July 31, 2023. The Court heard testimony from only one witness at trial: Tyreice DuPass, Director of Environmental Services and Life Safety at the College. All findings are made by a preponderance of the evidence.

2018; and updated the Milestone and Payment Schedule.[2] *Id*. at 4-5. The amendment also documented a change order for $20,000 arising from the site complications, raising the total cost of the Agreement to $295,000. *Id*. at 5-6.

After the College and KR Studios signed the first amendment, the project was delayed further. In an email sent to DuPass and others in December 2018, Rolstad expressed frustration about the delay, writing "our drawings hav[e] been revised so many times I can't count and this project should have been installed years ago." Pl.'s Ex. 6. The next month, she indicated "[w]e have lost our value of this contract with the yearly delays[.]" *Id*. Nevertheless, Rolstad also said she was excited to complete the installation, *id*., and on January 4, 2019, the College and KR Studios signed a second amendment to the Agreement. Pl.'s Ex. 3. The second amendment again changed the date of installation, tying it to the completion of the artwork base by the College. *Id*. at 1. Rolstad was to install the artwork "within thirty days of the full and final completion of the Work Base." *Id*. Additionally, the second amendment changed the Milestone and Payment Schedule a final time. *Id*. at 4. When the parties signed the second amendment in January 2019, the College had already paid KR Studios a total of $273,000 out of the $295,000 contract price. *Id*. The College made an additional payment of $11,000 later the same month, bringing the total paid to KR Studios to $284,000.[3] Pl.'s Ex. 6.

---

[2] Though not legally pertinent, the Court provides a brief description of the artwork and its design process for contextual purposes. The final design drawings contained a fountain pool and a series of abstract trees, ranging in height from 16-20 feet tall and consisting of hexagonal shapes clustered on posts. The trees were to be illuminated by light fixtures on the ground. Rolstad was to fabricate different elements of the artwork, such as the posts and hexagonal shapes, from various materials including aluminum, acrylic, and glass at her studio in Washington state. Once done, Rolstad was to ship the elements to Philadelphia for installation on-site. *See* Pl.'s Ex. 2.

[3] The $284,000 figure is the amount the College claimed to have paid KR Studios at trial. Tr. 12:10-16. Although there are discrepancies between this number and the payment records submitted by the College, *see* Pl.'s Ex. 6, the $284,000 payment amount is confirmed by the terms

Consistent with its contractual obligations, the College hired other vendors to construct the base for the artwork, which was to consist of "concrete pier column for light fixtures (7), concrete pier column footing for posts (14), concrete vessel simulated fountain pool, and all integral, interconnecting wire pathways for low voltage lights[.]"[4] Pl.'s Ex. 2 at 1. The footings, however, were installed at a height nine inches higher than called for by the design drawings. Tr. 17:13-19, 28:7-29:9. DuPass thus emailed Rolstad and asked for her "blessing" of the changes. Tr. 28:7-29:9. It is unclear what happened next. The College did not present any documentary evidence that Rolstad did, indeed, bless those changes. Tr. 29:14-16. DuPass testified, however, that the College "wouldn't have moved forward [with the project] without her saying anything to us," Tr. 29:11-12, and the College maintains the artwork base was completed in the fall of 2019. Pl.'s Ex. 4. Rolstad started ordering elements for the artwork by October 2019, Pl.'s Ex. 13, but they were never delivered and installed. Tr. 33:18-25.

On June 9, 2021, the College sent KR Studios a notice of breach of contract. Pl.'s Ex. 4. Then, on August 5, 2021, the College filed suit in this Court, seeking replevin, specific performance, and damages. Compl., ECF No. 1. On October 14, 2021, KR Studios filed an answer and counterclaim, alleging that Rolstad could not install the artwork because the base did not conform to the design drawings and would create a safety risk. Def.'s Answer Compl. with

---

of the Consent Decree (discussed *infra*). It is also consistent with the payments reflected in the final Milestone and Payment Schedule in the second amendment to the Agreement, which is initialed "KRS" on each page and includes all but the January 2019 payment. Pl.'s Ex. 3. That payment is reflected by the payment records in Plaintiff's Exhibit 6. The Court therefore credits the College's assertion that it paid KR Studios a total of $284,000.

[4] Constructonomics, LLC, installed the concrete footings for the posts; NV5, Inc. provided quality assurance and electrical wiring work; and the RBA Group conducted utilities surveillance. The College paid a total of $177,809.18 for these services: $125,958.10 to Constructonomics; $43,179.25 to NV5, Inc.; and $8,671.83 to the RBA Group. Tr. 14:3-4, 15:23-24, 17:3-4; *see also* Pl.'s Exs. 7-12.

Countercl. ¶ 43, ECF No. 6. In early 2022, the parties negotiated a settlement before the Honorable Timothy R. Rice, and on August 23, 2022, this Court approved their proposed consent decree. Consent Decree and Stipulated Affirmative Inj. (hereinafter "Consent Decree"), ECF No. 30. The Consent Decree incorporated the Agreement, as amended, by reference. It also provided, in relevant part, that Rolstad was to deliver the artwork elements to the College by December 31, 2022, and was to install the artwork on the existing base by January 31, 2023. *Id*. at 1-2. The College, in turn:

> warrant[ed] and represent[ed] that the existing Work Base is properly constructed, complies with all applicable legal requirements, and is sufficient (including of sufficient strength and structural integrity) to accommodate the safe, effective, and proper installation of all elements of the Artwork. KRS relies on this warranty and representation in agreeing to install the Artwork on the existing Work Base.

*Id*. at 2. Pursuant to the terms of the Consent Decree, this action was dismissed with prejudice, "except that should either party have an uncured breach of this Injunction Order, this dismissal shall be considered without prejudice as to the non-breaching party's ability to assert claims against the breaching party." *Id*. at 3.

After entry of the Consent Decree, KR Studios again failed to install the artwork. Tr. 12:22-23. Moreover, Rolstad stopped communicating with her counsel, who moved to withdraw. *See* Mot. Leave Withdraw ¶ 3, ECF No. 31. Following briefing, a letter request for a stay of the motion, and an off-the-record telephone conference, the Court denied the motion.[5] Order, Feb. 27, 2023, ECF No. 37. On April 3, 2023, the College moved to reopen the case. Pl.'s Mot. Reopen Case,

---

[5] According to counsel, Rolstad has serious health issues and is not competent. *See* Mot. Leave Withdraw 2, ECF No. 31; *see also* Tr. 35:5-6. Counsel, however, did not produce any admissible evidence regarding her health and/or competence at trial. *See* Tr. 34:19-35:23. The Court therefore includes this note for contextual purposes only, and did not consider this information in reaching its findings of facts and conclusions of law.

ECF No. 39. This Court granted the request and held a bench trial on July 31, 2023. Order, Apr. 18, 2023, ECF No. 42.

**DISCUSSION**

The College brings claims against KR Studios for breach of contract[6] and unjust enrichment. Compl. ¶¶ 35-56, ECF No. 1. KR Studios counterclaims for breach of contract. Def.'s Answer Compl. with Countercl. ¶¶ 46-52, ECF No. 6. Based on the evidence presented at trial, the Court concludes KR Studios breached its contract with the College, but the College failed to prove damages by the appropriate measure—the cost to complete the artwork installation, minus the unpaid portion of the Agreement.[7] The Court thus finds in favor of the College on its breach of contract claim, but will only award restitution damages and prejudgment interest, not the full reliance damages requested. The Court also concludes the doctrine of unjust enrichment does not apply because the College and KR Studios had a written contract, and that KR Studios may not pursue its counterclaim for breach of contract, since the claim was dismissed with prejudice and KR Studios has not established a basis to reassert it. The Court thus finds in favor of KR Studios on the College's unjust enrichment claim, and in favor of the College on KR Studios' counterclaim. Judgment will be entered accordingly.

---

[6] The Complaint asserts two counts for breach of contract, one seeking specific performance and the other seeking replevin. Compl. ¶¶ 35-52, ECF No. 1. Both counts also seek damages and other relief. *Id*. Because the counts are based on the same contract, and because specific performance and replevin are remedies, not causes of action, the Court treats the two counts as one claim. *See, e.g.*, *Gant v. Ragone*, Civil No. 20-01727, 2020 WL 6797125, at *4 (D.N.J. Nov. 19, 2020) (noting Pennsylvania law does not allow for "specific performance as a stand-alone claim"). At trial the College asked for damages, but did not seek physical possession of any artwork elements in KR Studios' possession.

[7] In this Memorandum section, "the Agreement" refers to the parties' contract as amended.

As a threshold issue, the Court will address the effect of the Consent Decree on this matter. Usually, "[a] judgment entered as a result of a consent decree . . . bars relitigation of a claim." *Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n*, 360 A.2d 191, 194 (Pa. 1976). But the Consent Decree in this case was not "a final judgment on the merits of the liability question," *id*. at 195, because the College and KR Studios agreed it was not to "be construed as an admission by any Party . . . of the validity of the claims of the other Party[.]" Consent Decree 7, ECF No. 30. The Consent Decree also stated: "[t]his action is dismissed with prejudice, *except* that should either party have an uncured breach of this Injunction Order, this dismissal shall be considered without prejudice *as to the non-breaching party's* ability to assert claims against the breaching party." *Id*. at 3 (emphasis added).

It is uncontested that KR Studios breached the Consent Decree by failing to deliver the elements of the artwork to the College and install the artwork. Two conclusions follow. First, as the breaching party, and absent any allegation that the College breached the Consent Decree, KR Studios does not come within the exception permitting a non-breaching party to assert claims against a breaching party. Because the Consent Decree dismissed the action with prejudice, the Court will not consider KR Studios' counterclaim for breach of contract on the merits. Second, as the non-breaching party, the College may assert claims under its original Complaint pursuant to the Consent Decree's exception. The Court now turns to the College's claims for breach of contract and unjust enrichment.

Under Pennsylvania law, a party alleging breach of contract "must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (alteration in original) (internal quotation marks and citation omitted). The existence of a

7

contract and its essential terms are not disputed in this case. Nor is the breach of duty. The sole issue at trial was the third element, resultant damages.

The College asks the Court to award $461,809.18 in damages, consisting of (1) the $284,000 it paid to KR Studios and (2) the $177,809.18 it paid to construct the base for the artwork ((a) $125,958.10 paid to Constructonomics, (b) $43,179.25 paid to NV5, and (c) $8,671.83 paid to the RBA Group). Tr. 12:10-16, 14:3-4, 15:23-24, 17:3-4, 36:9-16. In support of this request, the College argues "the design is worth nothing," Tr. 36:11-12, and cites an inapposite case awarding incidental and consequential damages in a contract dispute for a wrongful home foreclosure. *See* Proposed Conclusions L. ¶ 8, ECF No. 48-1. The College also asks for $55,417.10 in prejudgment interest. Tr. 36:17-20.

KR Studios takes the position that "the primary value of the Agreement was completion and acceptance . . . of the design," and so awarding the requested damages would be a "windfall" to the College. Tr. 5:2-4, 4:24. KR Studios further contends the proper measure of damages is the cost of contracting with another vendor to fabricate and install the artwork, and that the College bears the burden of establishing this amount.[8] Tr. 6:3-5. In support of this position, KR Studios points to *Riddle v. Metropolitan Atlanta Rapid Transit Authority*, 348 S.E.2d 483 (Ga. Ct. App. 1986). In *Riddle*, the City of Atlanta's Transit Authority contracted with an artist for a work of public art to be displayed in a rail station. 348 S.E.2d at 483. For various reasons, the project was delayed for months. *Id*. at 484. When the artist failed to complete the project after the delays, the

---

[8] KR Studios also asserts two meritless defenses. First, KR Studios notes the Consent Decree does not mention damages. Tr. 4:11. But as discussed *supra*, the College is asking for relief based on the claims asserted in its Complaint, not under the Consent Decree. Second, KR Studios argues the College has a duty to mitigate damages. Tr. 41:8-9. The duty to mitigate, however, refers to reasonable efforts to avoid further loss. *See, e.g.*, *Portside Invs., L.P. v. N. Ins. Co. of N.Y.*, 41 A.3d 1, 15 (Pa. Super. Ct. 2015) (citation omitted). The duty is inapplicable here because the College's expenditures had already been made.

Transit Authority "considered the contract terminated for cause." *Id*. It then sued for breach of contract, asking for physical possession of the artwork elements and damages for the cost of completing installation. *Id*. at 483-84. The trial court awarded this relief, and the appellate court affirmed. *Id*. at 484-85.

The College and KR Studios thus disagree on which theory of damages should apply in this case. "In general, contract law espouses three distinct, yet equally important, theories of damages to remedy a breach of contract: 'expectation' damages, 'reliance' damages, and 'restitution' damages." *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998) (internal quotation marks in original). The first option, expectation damages, is "preferred" and protects the injured party's "interest in having the benefit of the bargain." *Id*. These are the damages KR Studios argues should apply. But, when expectation damages are uncertain, contract law allows for reliance damages, measured as the "expenditures actually made in performance or in anticipation of performance." *Id*. These are the damages the College asks for. Lastly, restitution damages, measured as the benefits received by the breaching party, may provide a final avenue of relief based on equitable principles. *Id*. Regardless of the theory asserted, "[t]o prove damages, a plaintiff must give a factfinder evidence from which damages may be calculated to a reasonable certainty. At a minimum, reasonable certainty embraces a rough calculation that is not too speculative, vague or contingent upon some unknown factor." *Ware*, 322 F.3d at 225-26 (internal quotation marks and citations omitted).

KR Studios' citation to *Riddle*, though factually parallel, is not binding in Pennsylvania. Still, it is consistent with Pennsylvania law in the analogous area of construction contract disputes. As explained by one court:

> The central principle of the law regarding contractual damages is that the non-breaching party should be placed in the position he or she would have been in absent

>breach. The lower court calculated the damages for the appellant's incomplete performance by measuring the cost of completion by another contractor who was called in to finish the job. Although this mode of measurement may be valid where the original, breaching contractor substantially has finished the work, or where the owner has completed payment to the breaching contractor, this case calls for a different method of calculation. We hold that the correct measure of damages in the case *sub judice* is as follows: [T]he measure of an owner's damages for a construction contractor's breach is the cost of completing the contract . . . minus the unpaid part of the contract price.

*Oelschlegel v. Mut. Real Est. Invs. Tr.*, 633 A.2d 181, 184 (Pa. Super. Ct. 1993) (alteration in original) (citation omitted); *see also Active Ent., Inc. v. Harris Miniature Golf Courses, Inc.*, 35 Phila. Cnty. Reptr. 176, 186-87 (Pa. C.P. 1997).

The *Riddle* and *Oelschlegel* courts both awarded expectation damages in cases where, as here, a contract for services was partially performed. Those damages were measured as the cost to complete the services contracted for, less (in *Oelschlegel*) the unpaid amount on the contract. In this case, the College has not provided evidence as to the cost for a third party to complete fabrication and installation of the artwork using the design drawings. The College thus failed to meet its burden of proof with respect to expectation damages. Instead, the College provided evidence of its payments to KR Studios and the vendors that constructed the artwork base—in other words, evidence of reliance damages.

"[W]here a court cannot measure [expectation damages] with certainty, contract law protects an injured party's reliance interest by seeking to achieve the position that it would have obtained had the contract never been made, usually through the recovery of expenditures made in performance or in anticipation of performance." *ATACS Corp.*, 155 F.3d at 669. Ordinarily, this remedy applies where expectation damages cannot be measured with certainty because "of the difficulty or impossibility of the production of such proof." *Spang & Co. v. U.S. Steel Corp.*, 545 A.2d 861, 867 (Pa. 1988) (citation omitted). But here, the College did not show that proof of

10

expectation damages would be difficult or impossible to obtain.[9] Moreover, an award of reliance damages would not put the College in the same position it would have been in if the contract hadn't been made, because the College will still have a concrete base for the artwork on its campus. Finally, the College's request for the full amount it paid to KR Studios ignores a basic principle of contract law: even though Rolstad did not fulfill her full contractual duties, she is still entitled to compensation for the work performed on the design drawings. *See, e.g.*, *Active Ent.*, 35 Phila. Cnty. Reptr. at 187 ("The full compensation agreed upon by the parties served as consideration for the work Harris performed."). The Court thus concludes reliance damages are not the appropriate remedy for KR Studios' breach.

Nevertheless, "[a] party who has, by [its] breach, forced the injured party to seek compensation in damages should not be allowed to profit from [its] breach where it is established that a significant loss has occurred." *Id.* at 867 (quoting Restatement (Second) of Contracts, § 352 comment (a) (Am. L. Inst. 1981)). The Court now turns to the third theory of recovery.

Restitution damages are "rooted in common notions of equity" and "require the party in breach to disgorge the benefit received by returning it to the party who conferred it." *ATACS Corp.*, 155 F.3d at 669. Given the College's failure to provide proof of expectation damages, the unsuitability of reliance damages, and equitable concerns, the Court concludes restitution damages are the appropriate remedy in this case. The College paid $284,000 to KR Studios to design, fabricate, and install the artwork. KR Studios only produced the design drawings. The College is therefore entitled to disgorgement of the moneys paid for fabrication and installation. According

---

[9] At trial, counsel for the College only argued that because the Agreement was for a "unique artwork" and the artwork base was "specifically designed and installed for this artwork . . . the College has nothing that it can readily put there to replace it in a safe manner." Tr. 44:7-10. But, as stated above, the College never addressed whether or not it could provide the design drawings to another vendor for fabrication and installation, and if so, at what cost.

to the Milestone and Payment Schedule, completion of the design phase corresponds to a payment of $82,500. Pl.'s Ex. 3 at 4. The Court will award $201,500 in restitution damages to the College, calculated as the $284,000 paid to KR Studios, minus $82,500 as payment for the design drawings.

The College also brings a claim in the alternative for unjust enrichment. In Pennsylvania, unjust enrichment does not apply where the parties have an express or written contract. *Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 169 (Pa. Super. Ct. 2013) (citation omitted). Because the parties in this matter had a written contract, the Court finds in favor of KR Studios on this claim.

The final issue concerns the College's request for prejudgment interest, which "is awardable as of right" in Pennsylvania contract cases. *Melley v. Pioneer Bank, N.A.*, 834 A.2d 1191, 1204 (Pa. Super. Ct. 2003). State law provides for prejudgment interest calculated at a simple yearly rate of 6% from the date the breaching party's payment (or other obligation) was withheld. *See McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 632 (E.D. Pa. 1998); *see also* 41 Pa. Cons. Stat. § 202. Prejudgment interest in this case starts from June 9, 2021, when the College sent a notice of breach to KR Studios. In total, the College is entitled to $233,428.09, consisting of $201,500 in restitution damages and $31,928.09 in prejudgment interest.

**CONCLUSION**

KR Studios breached the Consent Decree when it failed to deliver and install the artwork. Because the College has an uncured breach of the Consent Decree, it can bring claims against KR Studios. By contrast, KR Studios does not have an uncured breach, and so it cannot bring a claim. The Court therefore did not consider KR Studios' counterclaim for breach of contract.

Pursuant to the Consent Decree's exception, the College brings claims against KR Studios for breach of contract and unjust enrichment. The College has shown KR Studios breached the Agreement, but failed to provide evidence from which expectation damages—the cost to complete

the artwork installation, less the unpaid amount remaining under the Agreement—may be calculated to a reasonable certainty. In light of the College's failure to prove the correct measure of damages, or to show the difficulty or impossibility of proving those damages, reliance damages for the College's full expenditures are not proper. Still, the College has shown it suffered a significant loss, so the Court will award restitution damages in the amount of $201,500, calculated as the $284,000 the College paid to KR Studios, less $82,500 in compensation for the completed design drawings. The Court will also award $31,928.09 in prejudgment interest. Finally, the College is not entitled to damages under its unjust enrichment claim because the parties had a written Agreement.

Accordingly, the Court finds in favor of the College on KR Studios' counterclaim; in favor of the College on its breach of contract claim; and in favor of KR Studios on the College's unjust enrichment claim.

An appropriate judgment follows.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.